[828 NYS2d 422]

In the Matter of IRIS V. CEPEDA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 19, 2006

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By per curiam opinion and judgment of the Supreme Court of Puerto Rico dated March 5, 2004, the respondent was indefinitely suspended from the practice of law for failing to comply with the duty to notify the Clerk of the Supreme Court of Puerto Rico of any change in the mailing or physical address of her home and office. As set forth in the opinion of the Supreme Court of Puerto Rico, a complaint was filed against the respondent in the Office of the Solicitor General (hereinafter the Solicitor) on September 11, 2003. On October 17, 2003, the Solicitor sent a copy of the complaint to the respondent at the address on record with the bar association and in the personal file of the Supreme Court. The respondent was afforded 30 days in which to respond. The notice was returned because the respondent had moved without leaving a forwarding address. The Solicitor called the telephone number listed in the personal file, but a recording indicated that the telephone was out of service. The Solicitor filed an informative motion stating that he was unable to investigate and evaluate the complaint because the respondent could not be located. By resolution dated January 30, 2004, the Supreme Court afforded the respondent 10 days to answer the complaint and advised the respondent that her failure to obey the court order could entail disciplinary sanctions. All steps taken by the marshal to locate the respondent proved unsuccessful. The marshal eventually contacted the respondent's stepmother, who revealed that the respondent was currently living in Orlando, Florida. The respondent's father informed the marshal that he did not have the respondent's address but would attempt to contact her and inform the court of her address.

Rule 9 (j) of the Rules of the Supreme Court of Puerto Rico requires all attorneys to notify the Clerk of the Supreme Court of any change in their home or business addresses. Failure to comply with that duty constitutes sufficient grounds for ordering an attorney's indefinite suspension. The court noted that such noncompliance undermines its disciplinary authority in cases concerning citizen complaints. The court's per curiam opinion was served on the respondent by certified mail to the last known address appearing in her personal file. Once the opinion was mailed, the respondent was deemed notified of her suspension, which became effective on that date.

On July 18, 2006, the Grievance Committee for the Second and Eleventh Judicial districts served the notice pursuant to 22

NYCRR 691.3 upon the respondent by first class mail to an address in Winter Park, Florida. By letter to the Grievance Committee's investigator dated June 28, 2006, the respondent consented to service upon her by mail at that address. Although duly served, the respondent failed to assert any of the enumerated defenses to the imposition of discipline, and did not demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline upon the respondent at this juncture.

Under the circumstances, the petitioner's motion for the imposition of discipline is granted and, effective immediately, the respondent is suspended from the practice of law in New York for a period of six months, with reinstatement in New York contingent upon her reinstatement in Puerto Rico.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and SKELOS, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Iris V. Cepeda, is suspended from the practice of law for a period of six months, with reinstatement in New York contingent upon her reinstatement in Puerto Rico; and it is further,

Ordered that the respondent, Iris V. Cepeda, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Iris V. Cepeda, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Iris V. Cepeda, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).